[See 1 Fed 54.]

## Case No. 13,659.

### In re SVENSON.

[9 Biss. 69;[1] 19 N. B. R. 229; 11 Chi. Leg. News, 367; 8 Reporter, 261; 25 Int. Rev. Rec. 274.]

Circuit Court, N. D. Illinois. July, 1879.

BANKRUPTCY — APPLICATION FOR DISCHARGE—ASSENT OF CREDITORS—PECUNIARY CONSIDERATION.

1. The district court has authority to allow a bankrupt to withdraw his petition for discharge and to file a new one at a later day.

2. The statute making it a ground of objection to a discharge, that the bankrupt has procured the assent of creditors by a pecuniary consideration, does not apply to the payment by the bankrupt of the attorney's, notary's and register's fees, in making proofs of claims against his estate.

[In review of the action of the district court of the United States for the Northern district of Illinois.]

In bankruptcy. The bankrupt [Sven Svenson] filed his petition for discharge in the district court, on the 27th day of March, 1878, returnable on the 4th day of May, 1878. and on the last mentioned day, petitioners, creditors of bankrupt, appeared and objected to the issuing of the discharge on the grounds that the estate, the bankruptcy being voluntary, had not paid 30 per cent., nor had the bankrupt obtained the assent

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

of the requisite amount in number and value of creditors who had duly proved their claims. On the 25th of October, 1878, leave being given, the bankrupt withdrew his petition, and on the 13th of November, 1878, filed his second petition. returnable December 23, 1878. On the last mentioned day he filed various proofs of claims, and the requisite assent, in writing, of creditors, the bankrupt having employed an attorney to draw up the proofs and also paid the notary's and register's fees. The district court ordered a discharge to be issued [case unreported], and the objecting creditors then filed this petition for review.

B. M. Shaffner, for bankrupt.
T. S. McClelland, for objecting creditors.

HARLAN, Circuit Justice. The power of the district court over the subject of the bankrupt's discharge was not exhausted on May 4, 1878. It is true that upon the showing then made a discharge could not have been granted. But there was no order or judgment, at that time, denying the application for discharge. The question of discharge was not judicially determined upon that application. The subsequent action of the court allowing the bankrupt to withdraw his first petition for discharge, and to file a new one, was not in violation of any provision of the bankrupt law [of 1867 (14 Stat. 517)]. The whole question of discharge was within the control of the bankruptcy court until "the final disposition of the cause."

It appears that after the bankrupt obtained leave to file a second petition for discharge, he employed an attorney who prepared proofs of eight claims against his estate, and the consents of such creditors to his discharge. He paid the notary his services for taking the proofs, and the register his fees for filing same. He bore the entire expense connected with the proofs of those claims, for the sole purpose of obtaining the consent of creditors to his discharge. The statute makes it a ground of objection to a discharge, "If the bankrupt, or any person in his behalf. has procured the assent of any creditor to the discharge, or influenced the action of any creditor at any stage of the proceedings by any pecuniary consideration or obligation." Rev. St. § 5110. The present case is not covered by that statute. Certainly the bankrupt could rightfully ask the assent of creditors to his discharge. If they are unwilling to incur the expense of proving their claims, either because of their worthless character, or for other (to them) satisfactory reasons, the bankrupt, in order to obtain the benefit of their formal assent to his discharge, could bear the expenses of such proofs, without necessarily affecting his right to a discharge. In such case, it cannot be fairly said that the assent of creditors was procured, or their action influenced, by "any pecuniary consideration or obligation." The

statute evidently refers to cases when the creditor receives himself some pecuniary or other substantial profit or benefit from the bankrupt. or from some one acting in his behalf, as the result or fruit of his action in the bankruptcy proceedings.

For these reasons, the court is of opinion that the action of the district court was right. The petition for review is overruled, and it will be so certified to the court below.